UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TYRONE VINCENT WORLDS,            ) | |
| )| |
| Plaintiff            ) | |
| ) | |
| vs.            ) | CAUSE NO. 3:06-CV-174 RM |
| ) | |
| SUPERINTENDENT EDWIN BUSS, *et al.*,   ) | |
| ) | |
| Defendants .            ) | |

OPINION AND ORDER

Tyrone Vincent Worlds, a *pro se* plaintiff, filed a complaint and an amended complaint pursuant to 28 U.S.C. § 1983 alleging that the defendants violated his "Consitutional rights by depriving him of liberty without a fair disciplinary hearing or without due process of law." The defendants have filed two motions for summary judgment and both are now fully briefed. The standard for reviewing a summary judgment motion is the same regardless of whether a party is represented by counsel. Outlaw v. Newkirk, 259 F.3d 833, 836-837 (7th Cir. 2001).

> [T]he plain language of [FED. R. CIV. P.] 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

Celotex v. Catrett, 477 U.S. 317, 322-323 (1986).

Mr. Worlds pleaded guilty during a conduct adjustment board hearing, but because of the way the paperwork of that proceeding was mistakenly recorded, it was ultimately overturned by a writ of habeas corpus in Worlds v. Buss, 3:02-cv-498 (N.D. Ind. filed July 9, 2002). Mr. Worlds claims that as a result, he was illegally imprisoned from June 16, 2003 to October 30, 2003. The defendants contend that the mistake with the paperwork was just that, a mistake: negligence, but nothing more. They contend that Mr. Worlds cannot prove that there was any deliberate action on their part to unlawfully detain him past his out date.

Deliberate indifference is a very high standard. Liability under § 1983 attaches only where a defendant acts with "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." Duane v. Lane, 959 F.2d 673, 677 (7th Cir. 1992).

> Negligence on the part of an official does not violate the Constitution, and it is not enough that he or she should have known of a risk. Instead, deliberate indifference requires evidence that an official actually knew of a substantial risk of serious harm and consciously disregarded it nonetheless.

Pierson v. Hartley, 391 F.3d 898, 902 (7th Cir. 2004) (citations omitted). Liability does not attach even if a defendant is incompetent, Walker v. Peters, 233 F.3d 494 (7th Cir. 2000), or unreasonable, Gibbs v. Franklin, 49 F.3d 1206, 1208 (7th Cir. 1995).

In response, Mr. Worlds submitted 8 pages: a 4 page memorandum captioned "Motion to Dismiss Defendants Motions for Summary Judgment" and 4 pages of attachments. In his memorandum, he restates several facts related to his claim, but he doesn't say anything about whether the defendants knew that they were unlawfully extending his release date when they mistakenly processed his paperwork. His exhibits are a list of Class D Offenses, a page from the Administrative Procedures Manual of Policies and Procedures, a copy of the report of his disciplinary hearing where the mistake was made, and a list of Class C offenses. None of these exhibits show anything about the defendants' knowledge or mental state.

Mr. Worlds' submissions include no evidence that the defendants were deliberately indifferent. Without such evidence, he cannot demonstrate that the defendants are liable to him and this case must be dismissed. This court previously granted Mr. Worlds habeas corpus relief and found that he should have been released sooner – that is not the question in this lawsuit. The question in this case is whether these defendants are legally and thereby financially liable to him for his extended illegal confinement. It is true that Mr. Worlds was wronged by being incarcerated past his out date, but he has simply presented insufficient evidence to demonstrate that these defendants are personally, legally liable and should pay him monetary compensation as a result.

For the foregoing reasons, the motions for summary judgment (docket ## 34 and 38) are **GRANTED** and this case is **DISMISSED**.

SO ORDERED.

ENTERED: August   14  , 2007

                                                       /s/ Robert L. Miller, Jr.     
                                                  Chief Judge
                                                  United States District Court